1  McGREGOR W. SCOTT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00175-DAD

12                         Plaintiff,      STIPULATION REGARDING USE OF
                                           VIDEOCONFERENCING DURING SENTENCING
13               v.                        HEARING; FINDINGS AND ORDER

14  EMMANUELLE PADILLA,                    DATE: November 3, 2020
                                           TIME: 9:00 a.m.
15                         Defendant.      COURT: Hon. Dale A. Drozd

16

17                        **BACKGROUND**

18       On February 18, 2020, the parties entered into a plea agreement (Dkt. 17), and defendant entered

19  a guilty plea on June 15, 2020, with sentence set for November 3, 2020.

20       On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

21  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

22  District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

23  such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

24  and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

25  case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23

26  § 15002(b)(2).

27       On March 29, 2020, the Judicial Conference of the United States made the findings required by

28  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

        STIPULATION REGARDING HEARING            1

1   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

2   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

3   functioning of the federal courts generally."

4        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

5   required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

6   and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

7   in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the

8   Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take

9   safely take place in person.

10        In order to authorize sentencing hearings by remote means, however, the CARES Act—as

11   implemented by General Order 620—also requires district courts in individual cases to "find, for

12   specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

13   serious harm to the interests of justice."  General Order 620 further requires that the defendant consent

14   to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

15   "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

16   teleconference.

17        The parties hereby stipulate and agree that each of the requirements of the CARES Act and

18   General Order 620 have been satisfied in this case.  They request that the Court enter an order making

19   the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons

20   further set forth below, the parties agree that:

21        1)    The sentencing hearing in this case cannot be further delayed without serious harm to the

22   interest of justice, given the public health restrictions on physical contact and court closures existing in

23   the Eastern District of California.

24        2)    The defendant waives his physical presence at the hearing and consents to remote hearing

25   by videoconference and counsel joins in that waiver; and

26                            **STIPULATION**

27        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

28   through defendant's counsel of record, hereby stipulate as follows:

STIPULATION REGARDING HEARING

2

1      1.      The Governor of the State of California declared a Proclamation of a State of Emergency

2   to exist in California on March 4, 2020.

3      2.      On March 13, 2020, the President of the United States issued a proclamation declaring a

4   National Emergency in response to the COVID-19 pandemic.

5      3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

6   other public health authorities have suggested the public avoid social gatherings in groups of more than

7   10 people and practice physical distancing (within about six feet) between individuals to potentially

8   slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

9   and no vaccine currently exists.

10      4.      These social distancing guidelines – which are essential to combatting the virus – are

11   generally not compatible with holding in-person court hearings.

12      5.      On March 17, 2020, this Court issued General Order 611, noting the President and

13   Governor of California's emergency declarations and CDC guidance, and indicating that public health

14   authorities within the Eastern District had taken measures to limit the size of gatherings and practice

15   social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

16   commence before May 1, 2020.

17      6.      On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

18   in the Eastern District of California to the public.  It further authorized assigned district court judges to

19   continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

20   Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

21   pandemic.

22      7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

23   emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

24   resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

25   analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

26   District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

27   weighted filings) and its shortage of judicial resources (the District is currently authorized only six

28   district judges; two of those positions are currently vacant and without nominations).  The report further

STIPULATION REGARDING HEARING                    3

1  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

2  guidance regarding gatherings of individuals.

3        8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

4  2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

5        9.      On May 13, 2020, General Order 618 issued, continuing court closures until further

6  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

7        10.      Given these facts, it is essential that Judges in this District resolve as many matters as

8  possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

9  hearings now, this District will be in a better position to work through the backlog of criminal and civil

10  matters once in-person hearings resume.

11        11.      The sentencing hearing in this case accordingly cannot be further delayed without serious

12  harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it

13  would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge

14  in this District, when normal operations resume.

15        12.      Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-

16  teleconference.  Counsel joins in this consent.

17        IT IS SO STIPULATED.

18

19

20  Dated:  October 23, 2020                                    McGREGOR W. SCOTT
                                                                             United States Attorney

21
                                                                             /s/ STEPHANIE M. STOKMAN
22                                                                           STEPHANIE M. STOKMAN
                                                                             Assistant United States Attorney
23

24

25  Dated:  October 23, 2020                                    /s/ DOUGLAS FOSTER
                                                                             DOUGLAS FOSTER
26                                                                           Counsel for Defendant
                                                                             EMMANUELLE PADILLA
27

28                                    **[PROPOSED] FINDINGS AND ORDER**

STIPULATION REGARDING HEARING                                 4

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

     a)      The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice;

     b)      The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 620, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated:    **October 23, 2020**

_____
UNITED STATES DISTRICT JUDGE